IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTEL NETWORKS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-787-C |
| | ) | |
| (1) SMC ELECTRONICS, LLC; | ) | |
| (2) MEHRAN "DAVID" KORANKI; and | ) | |
| (3) ALLIED SOLUTION TECHNICAL | ) | |
| CENTER LLC, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to compel (Pl.'s Mot., Dkt. No. 68). Defendants have filed a response (Dkt. No. 78), to which Plaintiff filed a reply and affidavit in support (Dkt. Nos. 80 & 81). Defendants filed a motion to strike Plaintiff's reply and affidavit (Dkt. No. 82), and Plaintiff has filed an affidavit in opposition (Dkt. No. 83). Accordingly, these matters are now at issue.

In addition, Plaintiff has filed a second motion to compel (Dkt. No. 76). Defendants have likewise filed a motion to compel (Dkt. No. 84).

I. MOTION TO STRIKE

At the outset, the Court will address Defendants' motion to strike. Plaintiff filed its reply and affidavit on June 7, 2007 (Dkt. Nos. 80 & 81). Arguing, inter alia, that this reply exceeded ten pages in length and because Plaintiff did not first seek leave of court, in

violation of LCvR7.2(h), Defendants filed a motion to strike the reply.  (See Dkt. No. 82.)[1] Plaintiff's counsel then filed an affidavit apologizing for his lack of knowledge regarding the local rule and requesting that the Court nonetheless consider the reply.  (See Dkt. No. 83.)

The Court would remind Plaintiff's counsel that admission to appear pro hac vice in this case is conditioned upon familiarity with the local rules of this Court.  (See Dkt. Nos. 5 & 7.)  However, the Court freely grants requests to file reply briefs and would have done so if requested in this case.  For good cause shown the Court grants Plaintiff leave to file its reply and affidavit, and the Court will consider these filings in its disposition of the motion to compel.

## II.  PLAINTIFF'S FIRST MOTION TO COMPEL

In this action, Plaintiff alleges that Defendants are liable for trademark infringement, fraudulent inducement, fraud and deceit, breach of contract, and deceptive acts and practices. In its notice of deposition for Defendant Koranki on December 22, 2006, Plaintiff requested the production of certain documents, including documents relating to Defendants' financial condition for the past five years ("financial condition documents"); and (2) any documents reflecting communications with Nortel, internal communications about Nortel, and/or communications with others regarding Nortel for the past five years ("Nortel communications documents").  (See Pl.'s Mot. at 2 & Ex. 1-A at 5-6.)[2]

---

[1] To the extent that Defendants' motion to strike is premised upon non-procedural grounds, the merits of the original motion to compel will be discussed in this order.

[2] Specifically, Plaintiff requested that Defendants produce all documents that reflected, referred, or related to:  Nortel products; sales, purchases, or dealings of Nortel products; and

Defendants originally raised several objections to the request (see Pl.'s Mot. at Ex. 1-B), and a protracted series of e-mails and telephone calls followed. (See Pl.'s Mot. Exs. 1-C – 1-H, 1-K.) Major points of contention were the language of a protective order and whether Defendants had access to computers and electronic documents that had been seized by the United States Postal Inspector's office for investigation in a separate criminal case. On April 23, 2007 – one day prior to Defendant Koranki's deposition – Defendants finally delivered over 4,000 documents to Plaintiff's local counsel. (Pl.'s Mot. at 9 & Ex. 1 ¶ 17.) On May 15, 2007, however, Plaintiff filed this motion to compel, asserting that the documents produced by Defendants, as well as Defendants' efforts to search for them, were inadequate. Specifically, Plaintiff claimed that these documents consisted only of accounting statements, and the financial condition and Nortel communications documents were still missing. (Pl.'s Mot. at 9 & Ex. 1 ¶ 18.)

On June 4, 2007, Defendants raised three objections to Plaintiff's motion to compel. (See Defs.' Resp., Dkt. No. 78, at 1.) First, Defendants claimed that Plaintiff had not made a good faith attempt to resolve the matter prior to filing its motion. Even if Plaintiff did not formally advise the Court that the parties have met and conferred in good faith as required by LCvR37.1, the communications attached to the motions by both parties clearly show that

---

financial statements, including but not limited to balance sheets, income statements, and statements of cash flow. Plaintiff also requested documents evidencing communications between Defendant Koranki and Defendant SMC, and between Defendant Koranki and Defendant Allied Solution Technical Center reflecting, referring, or relating to Nortel products. All requests were limited in scope to the past five years. (See Pl.'s Mot. Ex. 1-A at 5-6.)

Plaintiff has exercised substantial patience and flexibility in a sincere attempt to resolve this dispute without the Court's interjection. Thus, Defendants' objection is without merit.

Next, Defendants argued that they have made the requested documents available for inspection and also have produced them. The parties agree that on June 4, 2007, Plaintiff was allowed to review another 10,000 documents. (See Pl.'s Reply at 7; Defs.' Mot. to Strike at 1.) However, in its reply Plaintiff states that it still lacks all of the "requested and responsive documents," including any included in the electronic documents that are in Defendants' possession or that were seized by the U.S. Postal Inspector. (See Pl.'s Reply at 1.) It is immaterial how many thousands of documents have been made available to Plaintiff if Plaintiff still lacks the financial condition and Nortel communications documents first requested nearly six months ago. Because Defendants have not expressed to the Court any specific objections regarding these two categories of documents, apart from their contention that they already have been provided, Defendants must produce any remaining responsive documents.

In the December 2006 discovery request at issue in its first motion to compel, Plaintiff's request was limited to certain categories of documents. (See Pl.'s Mot. Ex. 1-A.) Because Plaintiff clearly believes that some of the responsive documents are within those seized by the U.S. Postal Inspector, at times along the course of the parties' communications this request was broadened to include "all documents" seized from Defendants by the U.S. Postal Inspector. For purposes of deciding this motion to compel, which is directed at the

December 2006 discovery request, the Court is addressing <u>only</u> the documents specifically requested: the financial condition and Nortel communications documents.

Plaintiff has requested that the Court compel Defendants to either (1) give the U.S. Postal Inspector express permission to provide Plaintiff's counsel with copies of all the documents seized from Defendants' premises in 2006; or (2) require Defendants to allow a forensic computing expert to conduct a mutually agreeable search for all relevant documents at Defendants' expense. The Court instead will give Defendants one more opportunity to produce the requested documents themselves. Defendants shall produce all responsive documents, including any that were seized by the U.S. Postal Inspector, specifically: (1) documents relating to Defendants' financial condition for the past five years; and (2) any documents reflecting communications with Nortel, internal communications about Nortel, and/or communications with others regarding Nortel. If Defendants fail to produce all requested and responsive documents by the date specified in this order, the Court will impose one of the two alternative methods requested by Plaintiff to allow Plaintiff access to these documents.

### III. REASONABLE EXPENSES AND ATTORNEY'S FEES

Both parties have requested attorney's fees in association with these discovery motions. The Court finds that Defendants have failed to demonstrate that their failure to respond was substantially justified. Pursuant to Fed. R. Civ. P. 37(d), the Court shall award Plaintiff its reasonable expenses, including attorney's fees, associated with bringing the present motion. The parties are directed to confer on reasonable costs and fees, and if no

agreement is possible, Plaintiff shall file an application for costs and fees, properly supported, following the ultimate disposition of this case at trial.

## IV.  CONCLUSION

As discussed herein, Defendants' motion to strike (Dkt. No. 82) is DENIED. Plaintiff's motion to compel (Dkt. No. 68) is GRANTED.  Defendants are directed to produce the responsive, requested documents regarding: (1) Defendants' financial condition for the past five years; and (2) any documents reflecting communications with Nortel, internal communications about Nortel, and/or communications with others regarding Nortel, by Wednesday, June 20, 2007.  Plaintiff is awarded its reasonable expenses, including attorney's fees, incurred in making its motion to compel.  Defendants' request for expenses, attorney's fees, and sanctions against Plaintiff is denied.

Due to the approaching trial date in this case, Plaintiff is ordered to file an expedited response to Defendants' motion to compel (Dkt. No. 84) no later than Friday, June 22, 2007.

IT IS SO ORDERED this 15th day of June, 2007.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge