IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTEL NETWORKS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-787-C |
| | ) | |
| (1) SMC ELECTRONICS, LLC; | ) | |
| (2) MEHRAN "DAVID" KORANKI; and | ) | |
| (3) ALLIED SOLUTION TECHNICAL | ) | |
| CENTER LLC, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to compel (Defs.' Mot., Dkt. No. 84). Plaintiff has filed a response (Pl.'s Resp., Dkt. No. 89). Accordingly, this matter is now at issue.

The scheduling order entered in this case established a discovery cutoff date of June 1, 2007, in anticipation of trial being conducted on the August 2007 docket. (See Scheduling Order, Dkt. No. 52.) Defendants' motion to compel was not filed until June 11, 2007, well past the discovery deadline. Defendants' motion alleges three separate failures by Plaintiff:[1] (1) Plaintiff's insufficient and incomplete responses to written discovery; (2) Plaintiff's failure to produce certain exhibits; and (3) Plaintiff's refusal to produce requested witnesses for deposition.

---

[1] For purposes of addressing this discovery dispute, references herein made to "Defendants" and "Plaintiff" generally refer to counsel representing each party unless otherwise clear from the context.

*I. Written Discovery*

It is not disputed that Defendants propounded their first set of written discovery – a total of ninety-one separate requests – on January 24, 2007, and Plaintiff provided responses on February 26, 2007. (Defs.' Mot. at 3; Pl.'s Resp. at 6-7.)  According to Defendants, these responses were inadequate, and on March 7, 2007, Defendants began requesting that Plaintiff supplement these responses. (See Defs.' Mot. Ex. 1.)  Correspondence between the parties ensued. (See Defs.' Mot. Exs. 2-6.)

While the parties dispute the content of their exchanges,[2] it is clear from the Defendants' own motion and the parties' correspondence that whatever the nature of Defendants' complaints, the last time they requested any supplementation to the original discovery responses was during a contentious telephone call on April 19, 2007. (See Defs.' Mot. at 4; Pl.'s Resp. at 2 & Ex. 1 ¶ 10.)[3]  Defendants failed to raise any further concerns

---

[2] Defendants do not specify in their motion which requests and responses it finds insufficient or incomplete.  Apparently, they instead wish the Court to glean this information from the prior correspondence between the parties.  Because Defendants also failed to provide the Court with a copy of the discovery requests or Plaintiff's responses, Plaintiff has filed a copy for the Court's reference. (See Pl.'s Resp. Exs. 1-A to 1-F.)  Ultimately, the insufficiency of Defendants' motion need not be addressed further on account of the motion's fatal untimeliness.

[3] Plaintiff argues that Defendants' contention that the last communication regarding written discovery was on April 19, 2007, is false. (Pl.'s Resp. at 12.)  Although Defendants misleadingly omitted any reference to this exchange, Plaintiff provides supporting documentation showing that on April 25, 2007, Defendants requested a substantial amount of additional information from Plaintiff.  Plaintiff voluntarily supplied this information to Defendants on May 1, 2007. (See Pl.'s Resp. Ex. 1-N.)  Plaintiff's disclosure of this additional exchange ultimately does not assist Defendants' cause, however, because the evidence of this second interaction indicates that: (1) Plaintiff has willingly assisted Defendants with their discovery requests; and (2) Defendants failed to mention any outstanding requests regarding the first set of discovery responses when lodging their second request. (Id.)

with the original discovery responses after April 19, 2007, until they filed their motion to compel on June 11, 2007.

In addition to failing to clearly explain their dissatisfaction with the responses to the Court, Defendants fail to present any justification regarding their failure to request specific, complete relief until after the discovery deadline had passed – more than six weeks after Defendants claim they last talked to Plaintiff about the issue.

> Although Fed.R.Civ.P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production.")[.] Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. It is especially important that a party file its motion before discovery cutoff. American Motorists Insurance Co. v. General Host Corp., 162 F.R.D. 646, 647-48 (D. Kan.1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline). It is also critical that the movant not wait to file its motion until the eve of trial.

Cont'l Indus., Inc. v. Integrated Logistics Solutions, LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (citations omitted).

While a six-week delay may not seem extreme, Defendants have been warned by the Court of the inadvisability of attempting stall tactics. Defendants are well aware of the impending trial date of this case, and the Court consistently has denied their attempts to prolong discovery. (See, e.g., Order Denying Mot. to Stay, Dkt. No. 59; Order, Dkt. No. 65 (granting Defendants a fifteen-day extension to designate an expert witness, rather than the

requested thirty-day extension); Order Denying Defs.' Mot. for Continuance, Dkt. No. 79;

Order Granting Pl.'s Mot. to Compel, Dkt. No. 88; Order Granting Pl.'s Mot. to Compel,

Dkt. No. 91.)  Thus, whether Defendants' dissatisfaction arose with their March 7, 2007,

letter or after the communications of April 19, 2007, they failed to take any remedial action

while the discovery period was ongoing.  Their delay is unexplained, and their motion as

concerns the original discovery responses is untimely.  Cf. Norton v. City of Marietta, Okla.,

432 F.3d 1145, 1156-1157 (10th Cir. 2005) (finding no abuse of discretion where a district

court denied a motion to compel filed after the close of discovery and two days before the

pre-trial conference).

## II.  *Request for Exhibits*

Defendants' motion to compel also requests that Plaintiff produce "various exhibits"

or make them available at one location in Richardson, Texas.  (Defs.' Mot. at 5.)  On January

10, 2007, Plaintiff contacted Defendants about two exhibits that it planned to use at trial.

(Defs.' Mot. Ex. 7.)  Exhibits #2 and #3 in Plaintiff's disclosures were summary reports of

documents that Plaintiff claimed were otherwise admissible but too voluminous to be

conveniently examined in court.  (Id.)  Plaintiff's Exhibits #2 and #3 rely on Fed. R. Evid.

1006 for their admissibility.  This rule states:

> The contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

In compliance with Rule 1006, Plaintiff's notification advised Defendants that the underlying

materials would be available for review and inspection at offices in both Texas and

Massachusetts during normal business hours.  (Defs.' Mot. Ex. 7.)

On January 27, 2007, Defendants replied to this notification by requesting that

Plaintiff "forward" and "produce" copies of all of the documents to their office, either in

paper form, on CDs, or via e-mail.  (Defs.' Mot. Ex. 8.)  Although Defendants refer to the

requested items as "several exhibits [Plaintiff intends] to utilize at trial" (Defs.' Mot. at 5),

Plaintiff points out that the requested items are not actually trial exhibits.  Rather, the

requested items are the voluminous writings which Plaintiff plans to summarize in its trial

Exhibits #2 and #3 pursuant to Fed. R. Evid. 1006.  (See Pl.'s Resp. at 2-3.)

Although Defendants failed to amend their motion to reflect what has transpired since

January, in its response Plaintiff submits a sworn affidavit by Plaintiff's counsel stating that

Plaintiff did indeed "produce" both the trial exhibits and all supporting documents by May

1, 2007.  (Pl.'s Resp. at 15 & Ex. 1 ¶ 15.)  Plaintiff further provided the Court with Bates

identification numbers for these items.  (Id. Ex. 1 ¶ 15.)  Defendants have not disputed

Plaintiff's assertion, nor that Plaintiff went well beyond the procedure required by Rule 1006

in providing these documents.  Further, Defendants have not identified for the Court any

specific documents that have not been produced.  Defendants' request is therefore moot,

inappropriate, and a waste of the Court's time, as Defendants were in receipt of all the

requested items for over five weeks before they filed their motion to compel.  Moreover,

because Defendants failed to seek remedial relief since its communication with Plaintiff of

January 24, 2007, their request is untimely under the same rationale outlined above regarding

the written discovery request.

### III. *Failure to Produce Witnesses*

Finally, Defendants claim that Plaintiff has refused to produce certain witnesses for

deposition. Their request appears to pertain to two different sets of witnesses: first, a group

of witnesses identified in a letter; and second, a witness designated by Plaintiff as its expert.

As far as the first claim, on May 7, 2007, Defendants sent a letter to Plaintiff which

read in part:

> A preliminary list of others we want to depose is as follows: Tracy
> Kinney; Petra Laws; Jim Morse, Global Services,[4] Jeffrey Kerr; Monica Grant;
> Curtis Butler[;] and Mary Butler. Please advise if these persons still work for
> Nortel. If not, will you still produce them or provide the latest information you
> have concerning their location.

(Defs.' Mot. Ex. 9.)

It is troubling that Defendants claim in their motion that "Plaintiff never responded"

to this letter. (Defs.' Mot. at 5.) This is false. Plaintiff clearly did respond, in a letter dated

May 10, 2007, which begins, "I am writing in response to your letter dated May 7th." (See

Pl.'s Resp. Ex. 1-Q.) In its May 10 letter, Plaintiff noted that it was willing to make Jim

Morse (who was identified in initial disclosures) available, but it asked Defendants to

identify the need for the other witnesses as they "were not identified in . . . initial disclosures

and/or no longer work for Nortel." (Pl.'s Resp. Ex. 1-Q.) Correspondence continued

---

[4] It is unclear whether "Global Services" is a separate entity.

regarding these witnesses, with Plaintiff again requesting an explanation of the need to depose them, and Defendants generally asserting these witnesses had significant contact with Defendants' client.  (See Pl.'s Resp. Exs. 1-R to 1-T.)

The Court already has fully considered and rejected Defendants' argument regarding the need to extend discovery for these depositions in light of Plaintiff's willingness to allow limited out-of-time discovery.  (See Order, Dkt. No. 79.)  Defendants still have not demonstrated a need for these depositions, and their duplicative motion is a thinly disguised successive attempt to prolong the discovery in this case.  To reiterate, "nothing asserted by Defendants demonstrates sufficient cause to disturb the deadlines entered in this case."  (Id.)

Defendants' second claim regards their wish to depose Plaintiff's designated expert witness.  Plaintiff served its expert disclosure on April 2, 2007.  (Pl.'s Resp. at 4 & Ex. 1-X.)  The parties dispute Defendants' actions in seeking to depose Plaintiff's expert.  Defendants claim that on April 26, 2007, they discussed with Plaintiff their desire to conduct several more depositions, including that of Plaintiff's expert.  (See Defs.' Mot. at 6.)  According to Defendants, Plaintiff's counsel agreed to speak to his client regarding a possible continuance of discovery or trial deadlines.  (See id. & Ex. 10.)  On May 1, 2007, Plaintiff then advised Defendants that it would not agree to a continuance.  (See Defs.' Mot. at 6; Pl.'s Resp. Exs. 1 ¶ 21 & 1-V.)  On May 30, 2007, Defendants sent a request to Plaintiff for agreeable dates to depose Plaintiff's expert.  (See Defs.' Mot. Ex. 11.)  Plaintiff answered in the negative on June 1, 2007, sensibly noting that a request for deposition two days before the June 1

discovery cutoff did not afford Plaintiff or its expert time to comply.  (See Defs.' Mot. Ex. 12.)

Defendants have submitted no evidence, beyond the assertion in their motion, that they requested on April 26 to depose Plaintiff's expert.  Plaintiff's counsel has no recollection of this request.  According to Plaintiff, Defendants received Plaintiff's expert disclosure on April 2 but did not make any request to depose the expert until May 30, 2007.  (Pl.'s Resp. Exs. 1 ¶ 20 & 1-U.)

It seems very unlikely that Defendants did indicate this request on April 26, 2007, given that nowhere in their letter dated April 26, 2007, their letter dated May 7, 2007, or their motion to continue filed May 30, 2007, did they make any mention of the deposition of Plaintiff's expert.  (See Defs.' Mot. Exs. 9 & 10; Defs.' Mot., Dkt. No. 73.)  However, even assuming the request was made orally on April 26 the delay in again mentioning it to Plaintiff was unjustified.  Defendants do not dispute that they were first given Plaintiff's expert disclosure on April 2, but they intimate that they did not request to depose the expert until either April 26 (Defendants' version) or May 30 (Plaintiff's version) because they were waiting to hear whether Plaintiff would agree to a continuance.  (Defs.' Mot. at 6.)  This argument is both weak and implausible.  First, Defendants could hardly realistically expect that Plaintiff would agree to a continuance, given Plaintiff's repeated attempts to expedite matters in this case ever since it was filed.  (See, e.g., Pl.'s Mot. to Expedite Trial, Dkt. No. 19; Pl.'s Mem. in Opp'n to Defs.' Mot. to Stay, Dkt. No. 55; Pl.'s Qualified Opp'n to Defs.' Mot. for Extension of Time, Dkt. No. 64; Pl.'s Mem. in Opp'n to Defs.' Mot. for

Continuance, Dkt. No. 74.)  Second, even if a continuance was being contemplated, such a possibility would not have hampered or precluded an attempt by Defendants to depose Plaintiff's expert.  There is no reason that discussions of a possible continuance should prevent Plaintiff from making such a request on April 2 or soon thereafter.  In addition, Defendants were aware by <u>May 1</u> that Plaintiff would not agree to continue discovery, and still they did not send a written request to Plaintiff until May 30.  (<u>See</u> Pl.'s Resp. Ex. 1-V at 2; Defs.' Mot. at 6.)  Defendants' delay thus made it impossible for Plaintiff to accommodate their request, and Plaintiff's objection to producing its expert is well taken.

*IV.  Attorney's Fees*

Plaintiff has requested the costs and fees incurred in opposing Defendants' motion. (Pl.'s Resp. at 20.)  The parties' correspondence clearly shows that Plaintiff made a good faith attempt to resolve this dispute without the Court's interference.  The Court finds that Defendants were not substantially justified in making this motion.  Pursuant to its Fed. R. Civ. P. 37(a)(4)(B), the Court shall award Plaintiff its reasonable expenses, including attorney's fees, incurred in opposing the present motion. The parties are directed to confer on reasonable costs and fees, and if no agreement is possible, Plaintiff shall file an application for costs and fees, properly supported, following the ultimate disposition of this case at trial.

*V.  Conclusion*

Accordingly, Defendants' motion to compel (Dkt. No. 84) is DENIED.  For the final time, the Court directs the parties to proceed according to the Court's scheduling order without further delay.

IT IS SO ORDERED this 29th day of June, 2007.


ROBIN J. CAUTHRON
United States District Judge